ENTER MAKE JS-5 PSEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 04-08699 MMM (FMOx) | Date | June 6, 2005 |
|---|---|---|---|

| Title | *Dryer v. Hyter Management Co, Inc.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    Order Granting Plaintiff's Motion From Relief From Order of Dismissal

## I. INTRODUCTION

Plaintiff Linda Dryer filed suit against defendant Hyter Management Co., Inc., doing business as Casa Walker, on October 22, 2004, alleging that defendant violated the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., and various state laws. On April 7, 2005, the court issued a minute order continuing the April 11, 2005 scheduling conference to April 25, 2005 because the court believed, in error, that the parties had not filed a Rule 26(f) report as required.

On April 25, 2005, at 9:00 a.m. defense counsel failed to appear for the scheduling conference. The court attempted to reach plaintiff's counsel, Amy Vandeveld, who had arranged to appear telephonically, and was unable to reach her in her office. Based on the parties' failure to appear, the court dismissed the action.

Vandeveld asserts that she was available at her home number to appear telephonically for the scheduling conference, and that she left a telephone message to that effect for the deputy courtroom

DOCKETED ON CM
JUN 1 5 2005
BY ___ 003

clerk on the afternoon of Friday, April 22, 2005.[1] Vandeveld also states that she left a message for the deputy courtroom clerk at approximately 9:00 a.m. on the day of the scheduling conference.[2] The deputy clerk received a message from Vandeveld after the morning calendar had concluded. The message was time-stamped 9:05 a.m.

## II. DISCUSSION

### A. Standard Governing Relief From A Judgment Or Order

Rule 60(b) provides that a court may relieve a party from the effect of a judgment or order

"[o]n motion and upon such terms as are just . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect. . . . The motion shall be made within a reasonable time, and for reasons (1), . . . not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.Proc. 60(b).

Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court. *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993).

#### 1. Rule 60(b)(1)

##### a. Timing Of Motion

Plaintiff requests that the court set aside its order dismissing the complaint because it was the product of excusable neglect. Under Rule 60(b)(1), such a motion must be brought within a reasonable time, and in no event, more than one year after the date the order was entered. FED.R.CIV.PROC. 60(b). Here, the order of dismissal was entered April 25, 2005. Plaintiff filed her motion approximately one week later, on May 3, 2005. Plaintiff thus acted within a reasonable time as required by Rule 60(b).

##### b. Excusable Neglect

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1983), the Supreme Court held that "excusable neglect" includes negligence. See *id.* at 394 ("Thus, at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence"). "[W]hether neglect is excusable is an equitable [determination] that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United*

---

[1] Declaration of Amy B. Vandeveld in Support of Plaintiff's Motion for Relief from Order ("Vandeveld Decl."), ¶ 6.

[2] *Id.*, ¶ 7.

2

*States Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). The Ninth Circuit has held that the *Pioneer* factors are not exclusive, but instead "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Although *Pioneer* dealt with a party's failure to meet a filing deadline, the same factors are applied in cases where a party has failed to appear. See, e.g., *Cobos v. Adelphi University*, 179 F.R.D. 381, 386 (E.D.N.Y. 1998); *In re Corke*, 179 B.R. 946, 948-49 (D. Kan. 1995).

Applying the *Pioneer* factors, the court concludes that plaintiff has demonstrated that her counsel's failure to appear was the product of excusable neglect. First, defendant will not be prejudiced if the court vacates the dismissal order and permits the case to proceed on the merits. Although defendant has opposed plaintiff's motion to reopen, it has not identified any form of prejudice it will suffer if the motion is granted. The case is in its early stages; the court has not set a discovery cut-off date, or dates for the hearing of dispositive motions, for pretrial conference or for trial. Accordingly, the court finds that the first factor favors vacating the dismissal.

With respect to the second factor – the length of the delay and its potential impact on the proceedings – plaintiff moved to vacate the dismissal within one week of entry of the dismissal order. The delay has not impacted the proceedings in any significant respect, or prejudiced defendant. Rule 60(b) specifically provides that a motion pursuant to subdivision (1) must be filed within a year of entry of the order. See FED.R.CIV.PROC. 60(b); see also *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("Relief under (b)(1) requires that the motion be made within one year from the date of the judgment"). Plaintiff clearly met that deadline here. Thus, the second factor also favors vacating the dismissal.

Turning to the third factor – the reason for the delay – plaintiff has proffered evidence indicating that her failure to attend the scheduling conference telephonically was due to a miscommunication that plaintiff's attorney attempted to remedy as the matter was called by the court. On the afternoon of the last business day prior to the scheduling conference, plaintiff's attorney apparently left a message regarding a new telephone number where she could be reached for the deputy courtroom clerk. Although Vandeveld failed to ascertain in advance of the hearing that her message had been received, she made an attempt to contact the court at 9:05 a.m. on April 25, 2005, to confirm that the court had received the earlier message. That message was not received by the clerk because court was already in session. Although counsel should have provided the correct telephone number at an earlier time, so as to ensure that the court knew how she could be reached, it is clear that counsel's failure to appear was the result of a simple mistake. Therefore, the third factor favors vacating the dismissal order.

The final factor to consider is whether the movant acted in good faith. Here, the evidence in

the record suggests that plaintiff's counsel acted in good faith, and that she did not purposefully miss the scheduled court date. It was not, in other words, a "devious, deliberate, willful, or bad faith failure . . ." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001). Thus, this factor favors vacating the dismissal order.

Having considered each of the *Pioneer* factors and concluded that they favor vacating the order of dismissal, the court grants plaintiff's motion. See *Bateman, supra*, 231 F.3d at 1224-26 (granting a Rule 60(b)(1) motion based on excusable neglect despite an attorney's weak reasons for his failure to oppose a summary judgment motion, because his delay was not the result of "deviousness or willfulness," he acted in good faith, the opposing party was not prejudiced, and there was minimal delay or impact on the judicial proceedings); *Falk, supra*, 739 F.2d at 464 (granting plaintiff's Rule 60(b)(1) motion even though plaintiff knowingly failed to answer the complaint since her failure to respond was in no way designed to obtain a strategic advantage in the litigation).

### B.     Defendant's Request For Attorneys' Fees

In its opposition to plaintiff's motion, defendant requests attorneys' fees as a monetary sanction for plaintiff's failure to prosecute the action. Such a sanction is not warranted in this case. Both plaintiff and defendant failed to appear at the scheduling conference; it would be particularly inappropriate to grant defendant's request for fees in light of its own counsel's failure to appear. See *Douglas v. People of State of Cal.*, 372 U.S. 353, 360 (1963) (Clark, J., dissenting) ("'People who live in glass houses had best not throw stones'"). Defendant asserts that plaintiff's absence from the scheduling conference was part of a pattern of failure to prosecute that includes failure to file the joint Rule 26(f) report. As noted earlier, plaintiff timely filed the report. Moreover, the submission of a Rule 26(f) report is the responsibility of both parties. Accordingly, defendant's request for attorneys' fees is denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from dismissal is granted. The clerk is directed to vacate the order of dismissal. The matter is set for a scheduling conference on **June 27, 2005, at 9:00 a.m.** The parties are directed to file an updated Rule 26(f) report and ADR Questionnaire no later than **June 20, 2005.**